FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 OCT -5 PM 1:06
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHELBY BROWER,

    Plaintiff,

v.

AT&T MOBILITY SERVICES, LLC,
*et al.*,

    Defendants.

Civil Action No. RDB-18-220

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Shelby Brower ("Plaintiff" or "Brower") brings this seven-count Complaint against Defendants AT&T Mobility Services, LLC ("AT&T") and Jacob Ledford ("Ledford") (collectively, "Defendants") alleging various state law claims stemming from her employment at an AT&T store where Ledford was the store manager. (ECF No. 1-5.) Currently pending before this Court is Defendant AT&T's Motion to Dismiss the Complaint for insufficient service of process or, in the alternative, Motion to Dismiss Counts VI and VII of the Complaint for failure to state a claim.[1] (ECF No. 5.) The submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Defendant AT&T's Motion to Dismiss (ECF No. 5) is DENIED.

---

[1] Also pending before this Court is Plaintiff's Motion for Leave to File Surreply. (ECF No. 16.) Although generally disfavored, surreplies are permitted in the discretion of this Court. *See Doyle v. Frontline Asset Strategies, LLC*, 248 F. Supp. 3d 655, 656 n.1 (D. Md. 2017) (granting leave "[i]n light of new issues raised for the first time" in the defendant's reply brief"); *see also U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKC-08-1863, 2012 WL 3025111, at *3 (D. Md. July 23, 2012) (granting leave to file surreply "given the complexity of the legal issues presented"). In light of AT&T raising the issue of timeliness of service for the first time in its Reply Brief, Plaintiff's Motion (ECF No. 16) is GRANTED.

1

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Beginning in February of 2014, Plaintiff Shelby Brower ("Plaintiff" or "Brower") worked as a retail sales consultant for Defendant AT&T Mobility Services, LLC ("AT&T"). (Compl., ECF No. 1-5 at ¶ 8.) Around December of 2015, she began working at the AT&T store in Riverview, Maryland where Defendant Jacob Ledford ("Ledford") was the store manager. (*Id.*) Brower alleges that during her employment at the Riverview store, Ledford continuously harassed her with unwanted physical touching, vulgar comments, sexually suggestive text messages, and other similar actions. (*Id.* at ¶ 9.) Brower alleges that she confronted Ledford and followed AT&T's Equal Employment Opportunity and Harassment Policies by reporting Ledford's actions to her supervisors. (*Id.* at ¶ 21.) She alleges that she "met all necessary reporting requirements, yet Defendant AT&T did nothing to stop the abusive environment for more than a year." (*Id.* at ¶ 34.)

In January of 2017, Brower called AT&T's Human Resources hotline. (*Id.* at ¶ 35.) She alleges that AT&T then "conducted some sort of investigation." (*Id.*) As a result of the investigation, she was told that although Ledford would be disciplined, he would remain at the Riverview store and if she wanted, Plaintiff could transfer. (*Id.*) Ledford was ultimately terminated months later. (*Id.*) Plaintiff alleges that AT&T recklessly or negligently failed to take appropriate actions to prevent and/or to correct the sexually hostile working

2

environment at the AT&T store. (*Id.* at ¶ 36.)

On April 20, 2018, Brower filed a Complaint in the Circuit Court for Frederick County, Maryland against AT&T and Ledford, alleging hostile work environment under Md. Code Ann., State Govt., § 20-606(A), against both Defendants (Count I); invasion of privacy (Count II), trespass to chattels (Count III), conversion (Count IV), and battery (Count V) against Ledford; and negligent supervision (Count VI) and negligent retention (Count VII) against AT&T. (ECF No. 1-5.) On June 19, 2018, Plaintiff served AT&T's resident agent in Florida, CT Corporation System, via certified mail. (ECF No. 1-10.) On July 19, 2018, Defendant AT&T removed the Complaint to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[2] (ECF No. 1.) One week later, on July 26, 2018, AT&T filed a Motion to Dismiss the Complaint for insufficient service of process or, in the alternative, Motion to Dismiss Counts VI and VII of the Complaint for failure to state a claim. (ECF No. 5.) The next day, Plaintiff served AT&T's resident agent in Maryland, The Corporation Trust, Inc. (ECF No. 13.)

## STANDARD OF REVIEW

### I. Motion to Dismiss for Insufficient Service of Process

A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5). Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4. *See Norlock v. City of Garland*, 768 F.2d 654, 656 (5th

---

[2] While paragraph 1 the Complaint identifies the Plaintiff Brower as a resident of Frederick County, Maryland, the Complaint caption and Civil- Non-Domestic Case Information Report filed with the Complaint in the Circuit Court identify a Tennessee address for Brower. (ECF Nos. 1-5, 1-6.) Defendant AT&T removed this action on the basis that she listed her permanent address twice in Tennessee, which Plaintiff does not challenge. Therefore, because Defendant AT&T is a citizen of Delaware, Georgia, Texas, New York, and New Jersey, and Defendant Ledford is a citizen of Maryland, diversity jurisdiction exists.

3

Cir. 1985). Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court. *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Thus, when there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process. *Armco*, 733 F.2d at 1089. However, plain requirements for the means of effecting service of process may not be ignored. *Id.*

## II. Motion to Dismiss for Failure to State a Claim

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions

drawn from those facts. *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Motion to Dismiss for Insufficient Service of Process

Defendant AT&T's Motion to Dismiss for insufficient service of process asserts that Brower did not properly serve AT&T's resident agent as required under Maryland rules. (ECF No. 5-1.) The Motion is predicated on the fact that, at the time the Defendant filed the Motion, Brower had only attempted to serve AT&T's resident agent in Florida, and failed to do so properly via certified mail. (*Id.* at 4-7.) The day after Defendant filed its Motion, however, Plaintiff properly served AT&T's resident agent in Maryland, The Corporation Trust, Inc. (ECF No. 13.) *See* Md. Rule 2-124(g) (explaining that service upon a limited liability partnership is made by serving its resident agent). Thereafter, in Defendant's Reply to Plaintiff's Response to the Motion to Dismiss, AT&T argues that the Brower failed to timely serve AT&T's resident agent within ninety days of Brower filing her Complaint.[3]

Federal removal procedure, however, dictates that Plaintiff Brower had ninety days from the time of *removal* to effect service of process. Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant" unless certain circumstances apply. Fed. R. Civ. P. 4(m). Under 28 U.S.C. § 1448, which governs process after removal:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in

---

[3] As explained *supra* note one, Plaintiff's Motion to File a Surreply is granted to address this new timeliness argument.

5

> which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Accordingly, "[i]n removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1137 (4th ed. 2015). In *Randolph v. Hendry*, 50 F. Supp. 2d 572 (S.D.W. Va. 1999), the United States District Court for the Southern District of Western Virginia explained that this is because "in the context of removal, the federal court does not obtain an interest in the action—and cannot therefore dictate the terms of service—until the Notice of Removal is filed." 50 F. Supp. 2d at 579–80; *see also Martin v. Moody*, No. 2:16-cv-06788, 2016 WL 6093493, at *1 (S.D.W. Va. Oct. 14, 2016) (holding that the plaintiff had ninety days from removal to effect service of process); *Lee v. City of Fayetteville*, No. 5:15-cv-638-FL, 2016 WL 1266597, at *6 (E.D.N.C. Mar. 30, 2016) ("Plaintiff did not serve or attempt to serve the John Doe defendants prior to removal but, upon removal, had 90 days to serve them with process.") (citations omitted).

The Defendant AT&T removed this action on July 19, 2018. On July 27, 2018, Plaintiff Brower served AT&T via its Resident Agent, CT Corporation Trust, Inc., and the Defendant does not dispute that this service was proper under Maryland rules. Therefore, the Plaintiff properly served AT&T within ninety days of removal, and Defendant's Motion to Dismiss for insufficient service of process is DENIED.

## II. Motion to Dismiss for Failure to State a Claim

Alternatively, AT&T argues that Brower's claims against AT&T for negligent supervision (Count VI) and negligent retention (Count VII) must be dismissed because they

6

are preempted by the Maryland Workers Compensation Act ("MWCA"), Md. Code Ann., Lab & Empl. §§ 9-101, *et seq*. In her Complaint, Brower alleges hostile work environment against both Defendants and brings claims against Defendant Ledford for invasion of privacy (Count II), trespass to chattels (Count III), conversion (Count IV), and battery (Count V). Brower's negligent supervision and retention claims then allege that AT&T breached its duty to Brower by failing to exercise reasonable care in the hiring, supervision, and retention of Ledford given AT&T's awareness of Ledford's behavior toward Brower.

"The MWCA is a 'comprehensive scheme to . . . provide sure and certain relief for injured workmen, their families and dependents regardless of questions of fault.'" *Petty v. Mayor & City Council of Baltimore City*, 232 Md. App. 116, 123, 156 A.3d 976, 980 (2017) (quoting *Hastings v. Mechalske*, 336 Md. 663, 672, 650 A.2d 274 (1994)). While "comprehensive," the Court of Appeals of Maryland stated in *Ruffin Hotel Corporation of Maryland, Inc. v. Gasper*, 418 Md. 594, 17 A.3d 676 (2011):

> We reject the proposition that the General Assembly intended that the Workers' Compensation Commission is the exclusive forum in which a negligent hiring/retention claim must be litigated whenever such a claim is asserted by an employee against his or her employer as a result of intentional and unlawful misconduct of a fellow employee. A contrary conclusion would be unreasonable in the extreme.

418 Md. at 617, 17 A.3d 676. In *Ruffin*, the plaintiff brought negligent hiring and retention claims against the defendant based on her claims that an employee had committed abusive behavior including allegations of assault, battery, discrimination, sexual harassment and fear of retaliation. *Id.* at 600, 17 A.3d 676. Maryland's highest court, noting that this Court had

7

held to the contrary,[4] held that the plaintiff's claims were not barred by the MWCA. *Id.* at 689-90, 17 A.3d 676; *see also Whittaker v. David's Beautiful People, Inc.*, No. CV DKC 14-2483, 2016 WL 429963, at *8 (D. Md. Feb. 4, 2016) ("[T]he Court of Appeals has held that a negligent retention and supervision claim is not preempted when the underlying conduct is based, at least partially, on an independent common law cause of action such as assault and battery." (citing *Ruffin*, 418 Md. at 615-18)).[5] Plaintiff Brower brings her negligent hiring and retention claims based on, among other things, her independent causes of action against Ledford for battery and conversion. Therefore, under *Ruffin*, her claims against AT&T for negligent supervision (Count VI) and negligent retention (Count VII) are not barred by the Maryland Workers Compensation Act and Defendant's Motion to Dismiss (ECF No. 5) is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File Surreply (ECF No. 16) is GRANTED and Defendant AT&T's Motion to Dismiss (ECF No. 5) is DENIED. A separate order follows.

Dated: October 5, 2018

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge

---

[4] *See Newman v. Giant Food, Inc.*, 187 F. Supp. 2d 524 (D. Md. 2002) (holding that "[t]he [M]WCA provides the exclusive remedy 'to an employee for an injury or death arising out of and in the course of employment' unless the injury is shown to be the result of 'the deliberate intent of the employer to injure or kill the covered employee.'" (quoting *Demby v. Preston Trucking Co.*, 961 F. Supp. 873, 881 (D. Md. 1997))).

[5] This Court does not find persuasive the Defendant's response that the *Ruffin* court did not consider its precedent from twenty five years earlier in *Athas v. Hill*, 300 Md. 133, 476 A.2d 710 (Md. 1984), and that given *Athas*, "there are grounds to establish that claims for negligent supervision, hiring, and retention are preempted under the MCWA." (ECF No. 15 at 5, 6.)